STATE EX REL. HOWIE, DISTRICT ATTORNEY v. BENSON.

[67 South. 214.]

1. APPEARANCE.  *Plea to the jurisdiction and to merits.  Mandamus. Operation of electric light plant.  Duty to operate.*

   Under section 3234, Code 1906, providing, "that the petition for mandamus shall stand for a declaration, and the defendant shall plead to it, as if it were an ordinary action at law, and the same rules of pleading and proceeding applicable to actions in the circuit court shall be observed in this action" where a non-resident defendant files an answer alleging want of jurisdiction on account of his being a non-resident, and in addition, pleads special matter in bar to the merits, he thereby appears generally and confers jurisdiction over his person.

2. MANDAMUS.  *Operation of electric lighting plant.  Duty to operate.*

   Where respondent purchased the assets and franchises of a chartered electric light plant, he thereby assumed the duty to operate the same for the benefit of the public, and could be compelled to do so by mandamus.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Mandamus by the state, on relation of J. H. Howie, district attorney, against R. L. Benson. Judgment for respondent and the state appeals.

The facts are fully stated in the opinion of the court.

*Ross A. Collins,* Attorney-General, and *Howie & Howie, Green & Green, Burch & Stricker* and *William Hemingway, City Attorney,* all for the state.

*Wells, May & Sanders,* for appellee.

Cook, J., delivered the opinion of the court.

The Capital Light & Power Company, a corporation with power to operate an electric lighting plant in Jack-

The Capital Light & Power Company, a corporation with power to operate an electric lighting plant in Jackson, obtained from the city of Jackson a license, permit, or franchise to operate its plant in the city. This, corporation established its plant and for several years operated same and furnished light to the public. The corporation being unable, or failing, to pay its debts was, upon the petition of its unsecured creditors, adjudicated a bankrupt, and all of its assets, including its franchises, were sold by order of the bankrupt court; R. L. Benson becoming the purchaser thereof. This action was begun by a petition filed by the district attorney upon behalf of the state praying for a mandamus to compel R. L. Benson, the owner of the assets and franchises of the corporation, to operate the electric lighting plant and furnish current to the patrons of the corporation. In other words, the petition asks that Benson, the purchaser, be compelled to perform the corporation's duties to the public. To this petition, Mr. Benson filed an answer, in which he seeks to have the action abated because of the alleged lack of jurisdiction of the court to grant the relief prayed for. He avers that he is nonresident—a citizen and resident of the state of Illinois—and, for this reason, the court has no jurisdiction. In addition to this plea to the jurisdiction, special matter in bar of the action is set up in his answer.

It will be observed that Mr. Benson takes the position that the court below has no jurisdiction to try the merits of the case, and yet he submits the merits of the case to the court in bar of the action. The appellant, in his brief, aptly characterizes this form of pleading as a game of "heads I win, tails you lose." Mr. Benson is willing to have the case decided on its merits provided the decision goes in his favor; but, in the event it goes against him, he submits that the court has no jurisdiction to decide at all.

Section 3234, Code 1906, provides that:

action at law, and the same rules of pleading and pro-
ceeding applicable to actions in the circuit court shall
be observed in this action.''

It would seem that the defendant submitted himself
to the jurisdiction of the court when he entered a plea
to the merits. He cannot challenge the power of the
court to decide and at the same time ask the court to
judicially determine the merits in his favor. It is un-
necessary to cite authorities in support of this proposi-
tion, viz., a plea to the merits waives jurisdiction of the
person. Experiments of this kind will not be tolerated.
If the rules were otherwise, courts of justice would be
converted into moot courts. The state traversed the
affirmative averments of the answer. The nonresidence
of the defendant is admitted; in fact, the original peti-
tion so states. The jurisdiction of the person and the
''legal sufficiency of said petition'' were submitted to
the court. As we understand the record, the parties
and the court considered the case as though a general
demurrer had been interposed by defendant. Treating
the case in this way, the court entered this order, viz.:

''Coming on to be heard, this cause and the same
having been fully argued by counsel on both sides, it is
considered by the court that the petition herein be
and the same is hereby dismissed, because the court is
of the opinion that it is without jurisdiction of the per-
son of the defendant and because of the legal insuffi-
ciency of the petition, to which action the plaintiff by
attorneys excepted and the exception was allowed.''

As above stated, we think the court erred in holding
that it was without jurisdiction of the person.

The petition avers that the Capital Light & Power
Company is a Mississippi corporation, and that it se-
cured a charter from the state giving it the power to
conduct the business of furnishing to the public elec-

tric current; that it procured from the city of Jackson a license or franchise to set its poles and string its wires

"The petition shall stand for a declaration, and the defendant shall plead to it as if it were an ordinary upon the streets and alleys of the city for the purpose of serving the public; that in the exercise of this license or franchise it did use the streets and alleys and did contract with a large number of the inhabitants of the city to furnish electric current; that for several years the corporation engaged in the active use of its franchise by serving the general public with electric current; that it was eventually adjudicated a bankrupt, and its assets and franchises were sold by order of the court, and were purchased by defendant; that, in pursuance of a combination and conspiracy to bring about a monopoly and destroy competition, the defendant shut down the plant and refused to perform the duty of the corporation to the public.

Will the courts under these circumstances refuse to intervene, and compel the successor of the corporation to perform the duties of the corporation? This, we believe, was the precise question presented to the circuit court. Mr. Benson bought the franchise of the corporation to do business in Jackson. The corporation took possession of and enjoyed this franchise for several years. The corporation undertook to and did perform the duties of a public service corporation in exchange for the license or franchise to use the property of the city for this purpose. He cannot hold on to the benefits of his purchase without incurring the obligation to perform the duties of the trust. This seems to be made certain when it appears that he refuses to assume the burdens, if burdens there be, because he has entered into a compact with others to do so for the purpose of creating a monopoly—of destroying competition.

There seems to be no conflict in the authorities that courts possess in proper cases the power to compel trustees of a public trust to perform the duties of such trust. Leaving out of view section 910, Code of 1906, it seems clear that Mr. Benson assumed the burdens of an involuntary trustee when he took over the franchise of the corporation, and is declining to use the same for the purpose of creating a monopoly. The apparent conflict in the decisions of the courts upon the power of the courts to compel the performance of legal duties of trustees grows out of the peculiar state of facts in the several cases. In some cases the courts have refused to issue the writ of mandamus because it appeared that the corporation, or trustee, was unable to perform. In other cases the writ was denied because, in the opinion of the courts, to compel the performance of the alleged duty would work a great hardship without a compensating benefit. There is and can be no conflict of judgment· that, in proper cases, the courts will and do exercise the power to compel the performance of legal duties. The petition in this case declares a state of facts which justifies the exercise of this extraordinary power.

*Reversed and remanded.*